IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

MAUI PINEAPPLE CO., LTD.,       )       CIVIL NO. 06-00655 DAE-LEK
                                )
            Plaintiff,          )
                                )
        vs.                     )
                                )
E.A. BONELLI & ASSOCIATES,      )
INC., ARCHITECTS, ET AL.,       )
                                )
            Defendant.          )
_____ )


**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR REMAND**


          Before the Court is the Motion for Remand ("Motion"),

filed by Plaintiff Maui Pineapple Company, Ltd. ("Plaintiff") on

January 5, 2007.  The Court finds this matter suitable for

disposition without a hearing pursuant to the Local Rules for the

District of Hawai`i ("Local Rules") LR7.2(d).  Upon careful

consideration of the Motion, supporting and opposing memoranda,

and the relevant legal authority, this Court HEREBY FINDS and

RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED

IN PART for the reasons below.

**BACKGROUND**

          On November 9, 2006, Plaintiff filed the instant action

in the Circuit Court of the Second Circuit of the State of

Hawai`i ("Second Circuit Court") against Defendants E.A. Bonelli

+ Associates, Inc., Architects ("EAB") and Processes Unlimited

International, Inc. ("PUI") (collectively "Defendants"), alleging breach of express and implied warranties; breach of contract; breach of implied covenant of good faith and fair dealing; negligence; and unjust enrichment/restitution. [Complaint at ¶¶ 2-3.] The action arises out of Plaintiff's contracts and agreements with PUI and EAB for their services regarding the remodel and upgrade of Plaintiff's cannery in Kahului, Maui, Hawai'i. EAB submitted a bid in connection with the cannery remodel on January 7, 2005. After conducting negotiations, Plaintiff and EAB entered into a Letter of Intent ("LOI") dated January 28, 2005, which contains the following clause:

> Applicable Law
> This Letter of Intent and the Proposed Service
> Agreement shall be governed by the Internal laws
> of the State of Hawai`i and EAB agrees to submit
> to the Jurisdiction of the Hawai`i forum for
> proceeding with respect to a claim or dispute.
> The venue for such dispute shall be domiciled on
> Maui, Hawai`i.

[Ex. A to Mot. at ¶ 29.] According to Plaintiff, both parties commenced performance under the LOI and have regarded the LOI as a binding contract between the parties. EAB entered into a subcontract with PUI for specialized systems design work and Plaintiff later entered into a separate agreement with PUI for its services. [Decl. of Brian C. Nishida ("Nishida Decl.") at ¶ 7.] Plaintiff commenced this action as a result of its dissatisfaction with Defendants' work.

On December 8, 2006, PUI filed a Notice of Removal of

2

Action to the United States District Court ("Notice"), removing
the case based on diversity jurisdiction.  PUI stated that both
it and EAB were business entities/corporations of California,
with principal places of business in California and that
Plaintiff was a Hawai'i corporation doing business in Hawai'i.
[Notice of Removal at ¶¶ 4-6.]  PUI also represented that the
damages sought are in excess of $75,000 even though Plaintiff's
Complaint is silent as to amount of damages claimed because the
contract at issue between Plaintiff and EAB involved an amount
that exceeds $75,000.  [Id. at ¶¶ 3, 9.]  PUI did not join EAB in
the removal based on the fact that EAB had not filed an answer or
responded to the Summons and Complaint.  [Id. at ¶ 7.]

        In seeking remand to the Second Circuit Court,
Plaintiff argues that PUI violated the unanimity requirement
articulated in 28 U.S.C. § 1446 by failing to 1) join co-
Defendant EAB in the Notice of Removal or 2) explain why joinder
is unnecessary.  Plaintiff additionally proffers that PUI cannot
satisfy the unanimity requirement because the venue clause agreed
to by Plaintiff and EAB in the LOI domiciles venue exclusively in
Maui, Hawai'i.  With respect to the former, Plaintiff argues that
all defendants must consent to the removal of the action and in
the absence of unanimous consent, the removal notice must
expressly indicate why one or more defendants have not joined in
the removal.  Plaintiff explains that the only mention of EAB in

3

the Notice regarded EAB's citizenship; the fact that EAB had yet

to file an answer; and the contract between EAB and Plaintiff.

Although Plaintiff acknowledges that 28 U.S.C. § 1447©[1]

affords a removing party thirty days to cure a facial deficiency

in the notice of removal, it maintains that PUI cannot satisfy

the unanimity requirement in light of the venue clause, by which

EAB waived its right to remove the action or join in its removal.

Plaintiff asserts that the venue clause is an enforceable,

mandatory choice of venue clause that is prima facie valid.

Plaintiff emphasizes that even though parties may not expressly

rule out federal court in the venue clause, venue as it relates

to federal courts is stated in terms of judicial districts, not

counties.  Insisting that the parties intended for venue to lie

only in the state courts in Maui, Plaintiff highlights that there

is no federal court located on Maui. Plaintiff further contends

that because EAB agreed to venue in Maui, it waived its right to

removal.  As such, EAB correspondingly waived its right to join

in or consent to PUI's removal.

Plaintiff additionally moves, pursuant to 28 U.S.C.

§ 1447©, for attorneys' fees and costs incurred in securing

remand of this case.  In support of its request for fees and

costs, Plaintiff argues that PUI's removal was not objectively

---

[1] The Court assumes that Plaintiff intended to cite
§ 1446(b).

4

reasonable because 1) the Notice was facially deficient and 2) PUI either failed to conduct research or failed to include the results of the research in the Notice regarding the existence of the venue clause, which precludes removal.

Defendants filed Memoranda in Opposition to the Motion on February 1, 2007.  PUI states that Plaintiff served it by certified mail on November 16, 2006.  At the time PUI filed the Notice on December 8, 2006, EAB allegedly had not made an appearance or answered the Summons and Complaint in Second Circuit Court.  PUI claims that it timely removed the action to this Court.  Moreover, PUI asserts that because EAB had not answered or otherwise responded to the Summons and Complaint, removal was entirely proper.  In particular, PUI equates EAB's failure to answer or respond to the Summons and Complaint with the recognized exception that the joinder or consent of all defendants is not required when the non-joined defendant was not served in the state court action.  PUI therefore believes that EAB's consent or joinder in the Notice was not required.

As another basis for removing without joining EAB, PUI explains that Ninth Circuit law is unsettled as to whether the period to remove ends thirty days after the first-served defendant or the last-served defendant.  PUI thus argues that it could not potentially waive its right to removal by waiting for EAB to answer the Complaint and Summons before filing the Notice.

PUI addresses Plaintiff's venue clause argument by responding
that it is not a party to the LOI and that the clause does not
contain any mention of a waiver of the right of removal.
Finally, PUI requests that the Court deny Plaintiff's requests
for fees and costs in light of the unsettled law regarding
removal timing and first-served or last-served defendants.

EAB, specially appearing[2] for the limited purpose of
opposing the instant Motion, argues that the removal does not
violate the forum selection clause, which is ambiguous as to
venue.  As an initial matter, EAB contends that the LOI is a
nonbinding expression in contemplation of a future contract.
Even if it were binding, however, EAB maintains that the clause
does not provide that jurisdiction is exclusive to the state
courts of Hawai'i.  EAB characterizes the clause as permissive
given that it does not designate the state court in Maui as the
exclusive venue.  Further, EAB notes that the clause contains no
restrictions on EAB's right to remove or join in the removal of
the present action.

In its dissection of the clause, EAB emphasizes that it
agreed to submit to the jurisdiction of the Hawai'i forum, which
does not mandate that jurisdiction lies exclusively with state

---

[2] EAB specially appeared because at the time it filed its
Opposition, it had not made a general appearance nor filed an
Answer or responsive pleading.  EAB made its special appearance
without waving any objections or defenses.

court.  Rather, "jurisdiction of the Hawai'i forum" includes
federal court and removal is therefore consistent with the
clause.  EAB also acknowledges that there is no federal court on
Maui, but asserts that it is not prohibited from removing an
action to federal court because this Court encompasses all
counties within the State, including Maui County.  Moreover, EAB
proffers that venue refers to a judicial district where a
substantial part of the events or omissions giving rise to the
claim occurred, notwithstanding the absence of a courthouse
within the local county.  EAB lastly argues that by way of its
Opposition, it consents to PUI's Notice and thus, the Court may
consider this an amendment to the Notice that establishes
unanimity.

        On February 8, 2007, PUI filed a joinder in EAB's
Opposition.

        On February 16, 2007, Plaintiff filed a Reply,
separately addressing EAB's and PUI's Oppositions.  Plaintiff
first reiterates that the LOI is a contract based on legal
authority, the LOI itself, and the conduct of the parties
(performing for well over a year).  Second, Plaintiff reasserts
that the venue clause is mandatory.  Plaintiff characterizes the
out of district cases relied upon by EAB as inapposite and non-
controlling.  Last, Plaintiff argues that by filing its
Opposition, EAB waived any defenses based on lack of personal

jurisdiction, insufficiency of process, or insufficiency of service of process, as a special appearance for this Motion is not permitted.

In response to PUI's Opposition, Plaintiff alleges that PUI failed to address the issues raised in the Motion.  Plaintiff first argues that although PUI recognizes an exception to the unanimity requirement where all defendants have not been served, PUI justifies its failure to join EAB based on the fact that EAB had not yet answered the Summons and Complaint.  Plaintiff maintains that it properly served EAB by certified mail, although it did not receive a signed receipt acknowledging serviced until after PUI filed its Notice.[3]  Regardless, filing or failing to file a Proof of Service does not affect the validity of service. Plaintiff additionally points out that EAB implicitly admitted to being served by mentioning that it requested an extension of time to file an Answer.

Plaintiff criticizes PUI's removal timing argument as irrelevant, noting that Plaintiff has not raised a timeliness issue, nor is Plaintiff suggesting that PUI could not procedurally cure its defective Notice.  Instead, Plaintiff maintains that PUI is substantively unable to cure the defect because EAB waived its right to removal under the venue clause.

---

[3] According to a return receipt, EAB was served on November 13, 2006.  [Ex. A. to Reply.]

Plaintiff again requests that the Court award costs and fees against PUI and remand the case to the Second Circuit Court.

**DISCUSSION**

I.    **Remand**

PUI removed the instant case pursuant to 28 U.S.C. §§ 1441(b)[4] and 1332.  [Notice of Removal at 1-2.]  Section 1441 provides, in pertinent part:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838

---

[4] Because PUI moved for removal based on diversity jurisdiction, the Court will assume that it meant to state § 1441(a).

(9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

PUI moved for removal based on diversity jurisdiction because it and EAB are citizens of California, Plaintiff is a citizen of Hawai'i, and the amount in controversy presumably exceeded $75,000.00.[5]  [Notice of Removal at ¶ 3 (citing 28 U.S.C. § 1332).]  Federal district courts have original jurisdiction over cases between citizens of different states. See 28 U.S.C. § 1332(a).  A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought.  See 28 U.S.C. § 1441(a), (b).  A United States district court thus has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  The parties do not dispute the amount in controversy or the existence of diversity.  The Court finds that there exists complete diversity between Plaintiff and Defendants and PUI is not a citizen of Hawai'i, where Plaintiff brought the action.

There still remains the question of whether the amount in controversy exceeds $75,000, which the removing party must

_____

[5] PUI correctly acknowledged in the Notice that the presence of Doe Defendants does not affect diversity jurisdiction because the citizenship of the same are disregarded for the purposes of removal.  28 U.S.C. § 1441(a).

prove, by a preponderance of the evidence, when "it is not facially evident from the complaint that more than $75,000 is in controversy." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  The Ninth Circuit endorses "the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" Id.  Conclusory allegations regarding the amount in controversy are insufficient.  Id. at 1090-91.

In the instant case, the Complaint is silent as to the amount of damages.  Plaintiff alleges that it has been damaged and continues to sustain damages, but specifies only that it prays for damages in an amount to be proven at trial.  [Compl. at 21.]  In its Notice, PUI acknowledges this fact, but argues that the contract between EAB and Plaintiff involved an amount in excess of $75,000.  [Notice at ¶ 9.]  Indeed, Plaintiff's claims center around the breach of the LOI, under which EAB agreed to provide design services in the amount of $650,000.  [Ex. A to Mot. at ¶ 8.]  Given this substantial amount of money, the Court finds that PUI has proved, by a preponderance of the evidence, that an amount exceeding $75,000 is in controversy.

In addition to establishing removal jurisdiction, PUI must also meet the procedural requirements of 28 U.S.C. § 1446.

A.   **Procedural Requirements**

1.   **Timeliness of Removal**

Section 1446(b) provides, in pertinent part:

> The notice of removal of a civil action or
> proceeding shall be filed within thirty days after
> the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading
> setting forth the claim for relief upon which such
> action or proceeding is based, or within thirty
> days after the service of summons upon the
> defendant if such initial pleading has then been
> filed in court and is not required to be served on
> the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  Plaintiff served PUI with the Summons and

Complaint by certified mail on November 16, 2006.  PUI filed the

Notice on December 8, 2006.  Accordingly, the Court finds that

PUI timely filed its Notice.

2.   **Lack of Consent/Joinder**

Although PUI was required to obtain EAB's consent to

remove, the Notice did not join EAB.  PUI's failure to obtain the

consent of EAB is fatal under § 1446.  See Pressman v. Meridian

Mortgage Co., 334 F. Supp. 2d 1236, 1240-41 (D. Haw. 2004)

(citing Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th

Cir. 1986)).  Ordinarily, all the defendants in the state court

action must consent to and join in the petition for removal with

the exception of nominal, fraudulently joined or unknown

defendants.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1

(9th Cir. 1988); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676.

680 (9th Cir. 2006) (citation omitted).  This rule only applies,
however, to those defendants properly served and joined in the
action.  Id. (citing Salveson v. Western States Bankcard Ass'n,
731 F.2d 1423, 1429 (9th Cir. 1984) overruled on other grounds by
Ethridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir.
1988)).  The Ninth Circuit therefore recognizes an exception in
cases where defendants are not served and permits the
defendant(s) summoned to remove without joining the unserved
defendant(s).  Salveson, 731 F.2d at 1429.  If fewer than all
defendants join in removal, the removing party has the burden,
under 28 U.S.C. § 1446(a), of affirmatively explaining the
absence of the non-joining defendant(s) in the notice for
removal.  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261,
1266 (9th Cir. 1999) overruled on other grounds by Abrego, 443
F.3d at 670 (finding the removal notice insufficient where it
stated that the defendants believed that many, rather than all,
of the non-consenting defendants were not properly served).

        In the instant case, PUI, while recognizing the
unserved defendant exception to joinder, claims that it did not
join EAB because EAB had not *answered* the Summons and Complaint.
PUI cannot circumvent the unanimity requirement based on the fact
that EAB had yet to file an answer at the time PUI filed its
Notice, as a co-defendant's failure to answer is not a recognized
exception to obtaining consent.  Because fewer than all

                              13

defendants joined in removal, PUI had the burden of affirmatively
explaining EAB's absence in the Notice.  In the Notice, PUI
stated that "[a]s of the filing of this instant Notice, Defendant
E.A. BONELLI + ASSOCIATES, INC., ARCHITECTS has not filed an
answer or otherwise responded to the Summons and Complaint."
[Notice of Removal at ¶ 7.]  While PUI technically satisfied its
burden of explaining EAB's absence, EAB's failure to *answer* does
not excuse PUI from complying with the unanimity requirement.
Because the evidence before the Court indicates that EAB was
served on November 13, 2006, via certified mail, PUI must have
joined EAB in the Notice to satisfy the procedural requirements
set forth in § 1446.  PUI did not, and as a consequence, its
Notice is defective.

### 3.   Curing Defect

Defects in removal notices may be cured within the
thirty-day period permitted for joinder.  Prize Frize, 167 F.3d
at 1266.  This would have required PUI to join EAB thirty days
after Plaintiff served it with a copy of the Summons and
Complaint, which, in this case, occurred on November 16, 2006.
As the foregoing discussion establishes, PUI did not do so.  In
its Opposition, EAB attempts to consent to removal, arguing that
the Court may construe its Opposition as an amendment to PUI's
Notice.  The Court disagrees.  EAB's after-acquired consent would
have cured the defective Notice if raised within the thirty-day

14

period prescribed by § 1446(b).  See, e.g., id. (finding removal improper where unanimity requirement was not satisfied and the defendants did not cure the defect within the thirty-day period). However, EAB filed its Opposition on February 1, 2007, more than two months after the thirty-day period expired.  See, e.g., id. (noting as untimely defendant's attempt to orally join in the removal notice at a court hearing weeks after the expiration of the thirty-day period).  Because PUI is unable to cure its defective Notice, this Court finds that the federal court lacks jurisdiction and recommends that the district court remand the case to the Second Circuit Court.  See 28 U.S.C. § 1447©.   As such, the Court need not address the parties' arguments regarding the venue clause in the LOI.

## II.   Entitlement to Removal Expenses

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Id.  The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447© only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005) (citations omitted).  The district court retains discretion to determine

15

whether a given case presents unusual circumstances that warrant a departure from this rule.  Id.  The Martin Court also instructed that

> The appropriate test for awarding fees under § 1447© should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id.

In this case, § 1441(a) grants PUI a right to a federal forum on the basis of diversity jurisdiction.  There exists complete diversity between Plaintiff and Defendants, and the amount in controversy appears to exceed $75,000.  Moreover, PUI timely filed its Notice and there is no evidence to suggest, nor has Plaintiff argued, that PUI sought removal to prolong litigation or impose costs on Plaintiff.  Thus, even though PUI's Notice is defective and incurable at this juncture, the Court finds that PUI had an objectively reasonable basis for seeking removal.  See Durham, 445 F.3d at 1254 (electing not to express an opinion on the merits of defendant's removal, but reversing district court's award of fees and costs under § 1447© because defendant's notice of removal was timely and therefore objectively reasonable).

Plaintiff argues that in addition to the facial

deficiencies of the Notice, PUI's removal was not objectively reasonable because PUI failed to conduct research or failed to include the results of its research relating to the venue clause. The Court is unpersuaded.  The mere fact that PUI may or may not have conducted research to discover the venue clause or that the venue clause may or may not preclude EAB from joining in a removal does not render the removal unreasonable.  Accordingly, the Court finds that Plaintiff is not entitled to its removal related expenses and recommends that the district court deny Plaintiff's request for fees and costs incurred in securing remand of this case.

## CONCLUSION

Based on the foregoing, this Court FINDS that Defendant Processes Unlimited International, Inc.'s Notice of Removal is facially deficient.  Because Defendant did not cure the deficiency by joining Defendant E.A. Bonelli + Associates, Inc., Architects within the thirty-day period articulated in § 1446(b), this Court RECOMMENDS that Plaintiff Maui Pineapple Company, Ltd.'s Motion for Remand, filed January 5, 2006, be GRANTED IN PART AND DENIED IN PART.

The Court recommends that the district court GRANT Plaintiff's request to remand the instant case to the Second Circuit Court and DENY Plaintiff's request for fees and costs.

IT IS SO FOUND AND RECOMMENDED.

17

DATED AT HONOLULU, HAWAI`I,



       /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MAUI PINEAPPLE CO., LTD. V. E.A. BONELLI & ASSOCIATES, INC.,
ARCHITECTS, ET AL**; CIVIL NO. 06-00655 DAE-LEK